Citation Nr: 1536758 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 10-00 318 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss disability.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Appellant


ATTORNEY FOR THE BOARD

Hallie E. Brokowsky, Counsel
INTRODUCTION

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. 

The Veteran had active military service from September 1963 to November 1963.

This matter initially came before the Board of Veterans' Appeal (Board) on appeal from a September 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In June 2011, the Veteran testified at a Travel Board hearing before an Acting Veterans Law Judge (AVLJ) at the RO in Muskogee, Oklahoma. A transcript of the hearing has been associated with the claims file. However, the individual who conducted the hearing is no longer employed by the Board. The Veteran was afforded the opportunity for a hearing before another VLJ, but did not request such a hearing. As such, the Veteran's claim will be considered on the evidence of record.

The Veteran's claims were previously before the Board in March 2012 and May 2014. Following completion of the requested development, supplemental statements of the case were issued in November 2012 and November 2014. The claims were returned to the Board. Service connection for an acquired psychiatric disorder has been granted, and as such, that issue is no longer before the Board.


FINDINGS OF FACT

1. Bilateral hearing loss disability was not manifested during service or within one year of separation. Bilateral hearing loss disability is not attributable to service.

2. Tinnitus was not manifested during service or within one year of separation. Tinnitus is not attributable to service.

CONCLUSIONS OF LAW

1. Bilateral hearing loss disability was not incurred in or aggravated by service, nor can an organic disease of the nervous system be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 1137, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2014).

2. Tinnitus was not incurred in or aggravated by service, nor can an organic disease of the nervous system be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 1137, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). The United States Court of Appeals for Veterans Claims (Court) issued a decision in the appeal of Dingess v. Nicholson, 19 Vet. App. 473 (2006), which held that the notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim, including the degree of disability and the effective date of an award. Those five elements include: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability.

In this case, the agency of original jurisdiction (AOJ) issued a notice letter, dated in June 2008, to the Veteran. This letter explained the evidence needed to substantiate the claims for service connection, as well the legal criteria for entitlement to such benefits. The letter also informed him of his and VA's respective duties for obtaining evidence. The AOJ decision that is the basis of this appeal was decided after the issuance of an initial, appropriate VCAA notice. As such, there was no defect with respect to timing of the VCAA notice. See Pelegrini v. Principi, 18 Vet. App. 112 (2004).

VA also has a duty to assist a veteran with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). This duty includes the obtaining of "relevant" records in the custody of a Federal department or agency under 38 C.F.R. § 3.159(c)(2), as well as records not in Federal custody (e.g., private medical records) under 38 C.F.R. § 3.159(c)(1). VA will also provide a medical examination if such examination is determined to be "necessary" to decide the claim. 38 C.F.R. § 3.159(c)(4).

The claims file contains the Veteran's available service treatment records, reports of post-service treatment, and the Veteran's own statements in support of his claims. The Veteran was afforded a VA examination responsive to the claims for service connection of bilateral hearing loss disability and tinnitus. McClendon v. Nicholson, 20 Vet. App. 79 (2006). The opinion was conducted by a medical professional, following thorough examination of the Veteran, solicitation of history, and review of the claims file. The Board has reviewed the examination report, and finds that it is adequate for the purpose of deciding the issues on appeal. 

The Board also observes that the AVLJ that presided over the Veteran's June 2011 hearing, clarified the issues on appeal and explained the concept of service connection claims, as well as explained the evaluation process. Potential evidentiary defects were identified and the file was left open to provide an opportunity to submit additional evidence. The actions of the AVLJ supplement VCAA and comply with 38 C.F.R. § 3.103. 

The Board has reviewed the Veteran's statements and medical evidence of record and concludes that there is no outstanding evidence with respect to the Veteran's claims. For these reasons, the Board finds that the VCAA duties to notify and assist have been met.


Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2014). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Service connection may be granted for any disease initially diagnosed after service when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. As organic diseases of the nervous system are chronic diseases for VA compensation purposes, if chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. §§ 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Board acknowledges that bilateral hearing loss disability and tinnitus are organic diseases of the nervous system, and thus chronic diseases, and presumptive diseases for purposes of service connection. However, the Appellant did not have 90 days of active duty. Thus, the presumption is not applicable.

The threshold for normal hearing is from 0 to 20 decibels. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Veteran does not assert that he was in combat, nor are available service personnel records reflective of such. Therefore, the provisions of 38 U.S.C.A. § 1154(b) are not applicable. The Board likewise finds that there is nothing in the Veteran's service treatment and personnel records demonstrating in-service noise exposure. See 38 U.S.C.A. § 1154(a); 38 C.F.R. § 3.303(a). 

The Board observes that the Veteran's service treatment records do not show any complaints, treatment, or diagnoses related to bilateral hearing loss disability or tinnitus. 38 C.F.R. § 3.303(b).

The Board acknowledges that the Veteran has sufficient hearing loss in both of his ears to meet the threshold minimum requirements of 38 C.F.R. § 3.385 to be considered an actual "disability." He has also been diagnosed with tinnitus.

Nonetheless, the Board finds that the weight of the evidence reflects that the Veteran's hearing loss disability and tinnitus were not caused or aggravated by his service. Bilateral hearing loss disability and tinnitus were not manifest during service. Rather, there was a remote post-service onset. Interestingly, the Veteran reported a 40 year history of ear drainage and infections, and that his tinnitus began approximately 40 years ago. Moreover, the July 2014 VA examination report clearly concluded that the Veteran's bilateral hearing loss and tinnitus were less likely than not related to the Veteran's service. See Madden v. Gober, 125 F.3d 1477, 1481 (1997) (in evaluating the evidence and rendering a decision on the merits, the Board is required to assess the credibility and probative value of proffered evidence in the context of the record as a whole). 

The Veteran is competent to report symptoms of bilateral hearing loss and tinnitus, as well as whether he has received such diagnoses, including when he was first treated or diagnosed. See Kahana v. Shinseki, 24 Vet. App. 428, 433 (2011) (noting impropriety of the Board categorically discounting lay testimony and requiring the Board to determine, on a case by case basis, whether a veteran's particular disability is the type of disability for which lay evidence is competent). However, his statements, even if accepted as credible, do not establish a nexus between his bilateral hearing loss disability and his tinnitus, and his period of service. See Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000) (a Veteran seeking disability benefits must establish the existence of a disability and a connection between such Veteran's service and the disability). 

To the extent that the Veteran links his bilateral hearing loss and tinnitus to an event or illness, including noise exposure, during his service, the Board finds that the probative value of the general lay assertions are outweighed by the clinical evidence of record. In this regard, the Board points out that the available medical evidence of record does not reflect any related complaints in during his brief period of service or in the years since service; the Veteran has made no assertions of tinnitus or bilateral hearing loss symptomatology related to his service except as it relates to his claims for service connection. See Pond v. West, 12 Vet. App. 341 (1999). Moreover, as previously noted, the Veteran reported onset approximately 40 years prior to his July 2014 VA examination, which is approximately 10 years after his period of active duty. As such, the Board finds that the Veteran's report of on-going problems to be inconsistent with the record and not credible.

In this regard, the evidence shows that service treatment records and post-service treatment records do not show any complaints, treatment, or diagnoses of bilateral hearing loss and tinnitus during service. There is also nothing in the service treatment records or service personnel records which indicates that the Veteran had any noise exposure. See Kahana at 439 (citing Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (Lance, J., concurring) (VA may use silence in the service treatment records as evidence contradictory to a veteran's assertions if the service treatment records appear to be complete and the injury, disease, or symptoms involved would ordinarily have been recorded had they occurred). There is no clinical evidence of long term treatment of any ear infection.

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994). 

To the extent that there are lay opinions, including those of the Veteran, linking the Veteran's bilateral hearing loss disability and tinnitus to an in-service an event or illness, including noise exposure, during his service the Board finds that the probative value of the general lay assertions are outweighed by the specific, reasoned opinion of the July 2014 VA examination report and the clinical evidence of record. The VA examiner's opinion, determining that the Veteran's bilateral hearing loss disability and tinnitus are unrelated to service, is entitled to greater probative weight than the more general lay assertions of the Veteran, even assuming those lay assertions were competent. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

In this regard, the Board points out that the VA examiner's opinion was specific, and well-reasoned. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning; threshold considerations are whether the person opining is suitably qualified and sufficiently informed). The VA examiner found that the Veteran's current bilateral hearing loss disability and tinnitus did not have onset during service and were unrelated to any event, illness, or injury in service. The VA examiner explained the reasons for the conclusions based on an accurate characterization of the evidence of record, which does not demonstrate that the Veteran's bilateral hearing loss disability and tinnitus are related to service. In particular, the VA examiner noted that the Veteran's audiograms in service showed normal hearing, and that there was no threshold shift indicative of noise exposure. The VA examiner also noted that the medical literature states that hearing loss from noise exposure typically begins immediately following the noise exposure, and that there is no scientific basis for finding that permanent hearing loss attributed to noise exposure would have its onset many years after the noise exposure. See Prejean v. West, 13 Vet. App. 444, 448-49 (2000) (stating that factors for assessing the probative value of a medical opinion are the physician's access to the claims folder and the thoroughness and detail of the opinion). 

For the foregoing reasons, the preponderance of the evidence is against the claims for service connection of bilateral hearing loss disability and tinnitus. The benefit-of-the-doubt doctrine is therefore not for application, and the claims must be denied. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; see also Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009).


ORDER

Service connection for bilateral hearing loss disability is denied.

Service connection for tinnitus is denied.


____________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs